IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CORNELIUS STEWART,

        Defendant.

ORDER

16-cr-69-wmc-1

On July 26, 2018, a hearing on the probation office's petition for judicial review of Cornelius Stewart's supervised release. The government appeared by Assistant U.S. Attorney Robert A. Anderson. The defendant was present in person and by counsel Murali Jasti. Also present was U.S. Probation Officer Jelani Brown.

## FACTS

From the record, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on February 23, 2017, following his conviction for passing counterfeit obligations in violation of 18 U.S.C. § 472. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of two years, to be followed by a three-year term of supervised release. A statutory $100 criminal assessment penalty was also imposed, along with joint and several restitution in the amount of $7,500. On November 30, 2017, the defendant began his term of supervised release.

It is alleged that the defendant violated the mandatory condition prohibiting him from committing another federal, state, or local crime. He was arrested on January 22, 2018, by the Madison, Wisconsin, Police Department and subsequently charged with battery and disorderly conduct in Dane County Circuit Court Case No. 18CM134. On June 15, 2018, both charges were

dismissed. I will defer making a formal finding as to this alleged violation [*until hearing from the parties today*].

Regardless, the defendant violated Standard Condition No. 1 of his supervised release prohibiting him from leaving the judicial district in which he is being supervised without the permission of the court or probation officer. The defendant admitted to his probation officer that he traveled to Milwaukee, Wisconsin, following his January 22, 2018, arrest, despite failing to obtain permission to do so.

The defendant also violated the mandatory condition requiring him to submit to one drug test within 15 days of his placement on release and at least six periodic tests thereafter to further monitor drug use, and he violated Standard Condition No. 2 requiring him to answer inquiries by the supervising U.S. probation officer and follow the officer's instructions. On December 1, 2017, the defendant was directed to begin submitting random urinalysis testing at Attic Correctional Services by the probation office. While all of his drug tests have been negative, he has failed to report as instructed on January 5, 18, and 24; February 6, 16, and 22; March 5, 17, and 21; and April 1 and 30, 2018. On May 31, 2018, he was again given a specific instruction to report to Attic Correctional Services to submit a urine specimen and failed to report for urinalysis as instructed. In fact, the defendant has only submitted urine tests as instructed on January 23, March 19 and April 25, 2018. The defendant's refusal to comply with his drug testing condition alone constitutes grounds for mandatory revocation under 18 U.S.C. § 3583(g)(3).

Finally, the defendant has not only failed to make *any* restitution payments as ordered, he has not even met his financial condition requiring the payment of a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing, something he also agreed to pay at or before sentencing in his written plea agreement.

CONCLUSIONS

Revocation would not only be reasonable, it is arguably mandatory, but since the defendant has made efforts to return to compliance by attending substance abuse testing without repeated prompting and has apparently stabilized his housing situation, I will modify his supervised release to include location monitoring and stay these proceedings to provide the defendant with an opportunity to take *immediate* corrective measures. If he does not, or otherwise fails to cooperate and keep the probation office apprised of any changes in his housing, employment or contact with law enforcement, that office is directed to notify the court promptly and this hearing will resume. Alternatively, should the defendant's conduct continue to improve, the parties may jointly petition after 120 days to dismiss further action without prejudice.

ORDER

IT IS ORDERED that this proceeding is STAYED and defendant's term of supervised release imposed on February 23, 2017, be CONTINUED as entered with the addition of the following special condition:

| SPECIAL CONDITION OF SUPERVISION | JUSTIFICATION |
|---|---|
| 16) **Participate for a period of 90 days in a location monitoring program that may include the following technologies: radio frequency (RF) monitoring, passive global positioning system (GPS) monitoring, active (GPS) monitoring, or voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant is not to leave the Western District of Wisconsin during his participation in the location monitoring program without prior permission of the court.** | Based on defendant's noncompliance, including his lack of a stable and verifiable residence while on supervised release, and the need to protect the community. |

IT IS ALSO ORDERED that the defendant shall begin making monthly $25 payments toward restitution beginning no later than August 31, 2018. If the defendant has subsequent failures to report for drug testing, or otherwise fails to comply with the standard and special conditions of supervised release imposed on February 23, 2017, the U.S. probation office is directed to file a petition for judicial review promptly and these proceedings will be reopened.

Entered this 26th day of July, 2018.

BY THE COURT:

WILLIAM M. CONLEY
District Judge